IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE CHILDREN'S MEMORIAL HOSPITAL,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10 C 1386 ) |
| **THE WILBERT, INC. HEALTH PLAN, WILBERT, INC., BENEFIT ADMINISTRATIVE SERVICES LLC, and PREMIER HEALTHCARE EXCHANGE,** | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Children's Memorial Hospital has sued defendants under ERISA and state law promissory estoppel to recover the cost of care it provided to an infant patient from December of 2005 until the baby's death in July of 2006. Before me are motions by defendants The Wilbert, Inc. Employee Health Plan and Wilbert, Inc. (collectively, "the Wilbert defendants") to dismiss plaintiff's ERISA claims and promissory estoppel claim, and by defendant Benefit Administrative Services LLC ("BAS") to dismiss plaintiff's promissory estoppel claim. Because, as discussed below, the issues presented in these motions are not amenable to resolution under Rule 12(b)(6), they are both denied.

I.

A motion to dismiss tests the sufficiency of the complaint, not its merits. *See, e.g., Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In resolving defendants' motions, I must accept all

well-pleaded allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). Plaintiff must, nevertheless, allege sufficient factual material to suggest plausibly that it is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

II.

The Wilbert defendants argue first that the ERISA claims are barred by the contractual limitations clause contained in the Plan documents. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Foundation, Inc. v. Cerberus Capital Management*, 559 F.3d 671, 674 (7th Cir. 2009); *see also United States Gypsum Company v. Indiana Gas Company, Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (statute of limitations is affirmative defense that need not be overcome in the complaint); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002) (same). True, the Wilbert defendants assert a contractual, not a statutory, limitation, but I perceive no compelling difference in this distinction.[1] The point, as affirmed by the foregoing authority, is that notwithstanding the existence of potentially viable affirmative

---

[1] Indeed, the case cited by the Wilbert defendants, *ABF Capital Corp. v. McLauchlan*, 167 F.Supp.2d 1011 (N.D. Ill. 2001), dealt with a statutory limitation. The *ABF* court held that "[a] motion to dismiss is appropriate for determining whether a complaint, on its face, is barred by a statute of limitations." *Id*. at 1013. In light of the more recent, controlling authority cited above, I respectfully disagree with this holding as a general proposition.

defenses, "[a] complaint states a claim on which relief may be granted when it narrates an intelligible grievance that, if proved, shows a legal entitlement to relief." *Gypsum*, 350 F.3d at 626. Accordingly, claims should be dismissed as untimely under Rule 12(b)(6) only when a valid affirmative defense is so glaring from the face of the complaint that the suit may properly be regarded as frivolous, *see Walker*, 288 F.3d at 1009-10 (illustrating the principle with the hypothetical example of "a personal-injury suit filed 100 years after the date of the injury as stated in the complaint"), or when the plaintiff pleads itself out of court by alleging facts that themselves constitute "the ingredients of [the] defense." *Gypsum*, 350 F.3d at 626. Neither situation obtains here.

It is obvious from the parties' respective briefs that they have conflicting views about the effect of the so-called "savings clause" on the three-year limitations period set forth in the Plan documents. Even assuming that defendant's interpretation is the correct one, and that three years is the governing limitations period per the Plan documents, contractual limitations periods may only be enforced to the extent they are reasonable, both in general and under the circumstances of the particular case, and where no equitable considerations militate against its application. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874-877 (7th Cir. 1997) (concluding that the contractual limitations period asserted was enforceable after determining it was reasonable on the facts presented at summary judgment, but nevertheless equitably estopping

the defendants from arguing that the suit was barred by the limitation).² These are factual issues that cannot be decided on the complaint, even assuming I consider, pursuant to Rule 10(c), the Plan documents attached to the Wilbert defendants' motion. In short, the complaint is sufficient to articulate a facially viable ERISA claim, and that is all it need do at this stage.

The Wilbert defendants next argue, as does BAS, that plaintiff's promissory estoppel claim is preempted by ERISA, and, in the alternative, that it fails to state a claim on which relief may be granted. Neither argument prevails.

In light of the allegations in the complaint, it would be premature to conclude that plaintiff's promissory estoppel claims are preempted. I agree with the moving defendants that plaintiff has, on the one hand, overstated the factual similarity between this case and *Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Health and Welfare Trust Fund*, 538 F.3d 594 (7th Cir. 2008), in which the court concluded that the plaintiff's promissory estoppel claim was not preempted by ERISA, and has understated, on the other, the significance of *Melmedica-Children's Healthcare, Inc., v. Central States Joint Board Trust Fund*, No. 05 C 2686, 2006 WL 794772 (N.D. Ill., Mar. 27, 2006)(Zagel, J.), and *DeBartolo v. Wal-Mart Stores,*

---

²The Wilbert defendants selectively quote *Doe*'s finding that "[t]here is no doubt that the contractual limitation here - 39 months from the date of the services for which benefits are sought - is reasonable," omitting the remainder of the sentence, which continues, "in general and in this case,..." then proceeds to discuss the facts that led to the court's conclusion of reasonableness. *Doe*, 112 F.3d at 875.

*Inc.*, No. 01 C 5940, 2002 WL 338878 (N.D. Ill., Mar. 4, 2002) (Kokoras, J.), which dismissed promissory estoppel claims based on ERISA preemption.[3] Nevertheless, in view of the *Franciscan* court's discussion of the two-part analysis required under *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), I conclude that dismissal of plaintiff's claim at this stage, without further factual development, would be inappropriate.[4]

As the *Franciscan* court explained, the first prong of *Davila* looks to whether the plaintiff's asserted entitlement arises "only because of the terms of an ERISA-regulated employee benefit plan," while the second prong considers whether any "legal duty (state or federal) independent of ERISA or the plan terms is violated." *Franciscan*, 538 F.3d at 597 (quoting *Davila*, 542 U.S. at 210). Where these two conditions are met, a state law claim is preempted because it falls "within the scope" of ERISA. *Id*.

In *Franciscan*, the plaintiff, a healthcare provider, treated a beneficiary of the defendant, an ERISA-regulated employee benefit plan. Before providing care, the plaintiff called the defendant to verify that the beneficiary was covered for the relevant services and

---

[3]Moreover, *Melmedica* plainly was not "overruled" by *Franciscan*, as plaintiff asserts.

[4]BAS urges me to disregard *Franciscan* entirely on the ground that it deals with "complete" or jurisdictional preemption, rather than "conflict" preemption. This argument does not advance BAS's cause, however, since "conflict" preemption, if indeed that is the issue here, is a defense, which plaintiff is not required to overcome at the pleading stage.

5

was told that she was.  The beneficiary assigned her benefits to the plaintiff; but when plaintiff sought to recover pursuant to the plan, its benefits claim was denied on the ground that the beneficiary had no coverage at the time services were rendered, having been retroactively cancelled due to the beneficiary's failure to pay her COBRA premiums.  The defendant's representative who had confirmed the beneficiary's coverage had neglected to disclose that it was subject to COBRA.

The court concluded that the plaintiff's claim could not have been "within the scope" of ERISA, reasoning that not only had the plaintiff not brought an ERISA claim (although it could have done so as the beneficiary's assignee), it acknowledged that it was not entitled to any benefits under the ERISA plan at issue.  Therefore, the first prong of *Davila* clearly was not met.  The court further held that the second *Davila* prong was not met because plaintiff's promissory estoppel claim was rooted in state law and thus "derive[d] from duties imposed apart from ERISA and/or the plan terms." *Id*. at 598.

Unlike the plaintiff in *Franciscan*, and like the plaintiffs in *Melmedica* and *DeBartolo*, plaintiff in this case does assert a claim for benefits under ERISA.[5]  Plaintiff alleges, however, that not only

---

[5]BAS also seeks to distinguish *Franciscan* further on the ground that it deals with "complete" preemption, rather than "conflict" preemption.  This argument does not advance BAS's cause, however, since "conflict" preemption is a defense, which, as discussed above, plaintiff is not required to overcome at the

6

have defendants failed to pay the benefits it claims are due under the Plan, defendants have demanded a "refund" of certain amounts already paid. For all that the present record reveals, defendants may contend--and the facts may ultimately show--that for some or all of the period at issue, plaintiff was not entitled to any Plan benefits at all. In such a factual scenario, as in *Franciscan*, the alleged representations of coverage by the Wilbert defendants and BAS may, indeed, have created an independent legal duty to plaintiffs. Of course, if the facts support plaintiff's assertion, at the heart of the first two counts of its complaint, that it is indeed entitled to benefits as an assignee of the Plan, then its rights, and the moving defendants' duties, would be circumscribed by the terms of the Plan, just as the courts concluded in *Melmedica* and *DeBartolo*. But Fed. R. Civ. P. 8(d) allows plaintiff to plead alternative causes of action--one as an ERISA beneficiary and another as a third-party provider--and its assertion of rights under ERISA does not necessarily result in the preemption of its alternative, state law claim. I understand plaintiff's promissory estoppel claim to be an alternative theory of liability, which it pursues in the event the facts ultimately demonstrate that it is without any entitlement under the Plan.[6]

---

pleading stage.

[6]Plaintiff cannot, of course, recover under both theories. Its promissory estoppel claim remains viable only as long as there is a factual question about plaintiff's status as an ERISA

Finally, there is no merit to the moving defendants' argument that plaintiff's promissory estoppel claim fails to allege an "unambiguous promise." Under the circumstances alleged--that plaintiff called BAS on a monthly basis to confirm ongoing coverage for the services it was providing, and to ensure that the beneficiary's lifetime maximum had not been reached--plaintiff's statement that BAS represented that coverage was available and that benefits had not been exhausted is sufficient to satisfy plaintiff's pleading requirement. *Rehab. Institute of Chicago v. Group Administrators, Ltd.*, 844 F.Supp. 1275, 1279 (N.D. Ill., 1994).

III.

For the foregoing reasons, the motions to dismiss by the Wilbert defendants and BAS are denied.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 19, 2010

---

beneficiary. *See Great Lakes Higher Educ. Corp. v. Austin Bank of Chicago*, 837 F.Supp. 892 (N.D. Ill., 1993) (alternative pleading allowed when pleader is "legitimately in doubt about the fact in question.")